

# Your Missouri Courts

Search for Cases by: Select Search Method... ▾

**Judicial Links** | **eFiling** | **Help** | **Contact Us** | **Print**      GrantedPublicAccess **Logoff KSMELTZER1**

**17SL-CC01069 - BPP V HENRY SCHEIN, INC. ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**                    **Sort Date Entries:** ○ Descending   **Display Options:** [All Entries ▾]
**Click here to Respond to Selected Documents**                           ● Ascending

---

03/22/2017  ☐ **Judge Assigned**

  DIV 18
  ☐ **Pet Filed in Circuit Ct**

  Class Action Junk-Fax Petition; Ex 1 Junk Fax.
  ☐ **Motion Special Process Server**

  Request for Appointment of Special Process Server. APPROVED ON 3/22/17.
    **Filed By:** RONALD JAY EISENBERG
    **On Behalf Of:** BPP
  ☐ **Note to Clerk eFiling**

    **Filed By:** RONALD JAY EISENBERG
  ☐ **Filing Info Sheet eFiling**

    **Filed By:** RONALD JAY EISENBERG
  ☐ **Summons Issued-Circuit**

  Document ID: 17-SMCC-2261, for HENRY SCHEIN, INC..Summons Attached in PDF Form for Attorney to
  Retrieve from Secure Case.Net and Process for Service.
  ☐ **Summ Issd- Circ Pers Serv O/S**

  Document ID: 17-SMOS-273, for INTERGRATED MEDIA SOLUTIONS.Summons Attached in PDF Form
  for Attorney to Retrieve from Secure Case.Net and Process for Service.
  ☐ **Corporation Served**

  Document ID - 17-SMCC-2261; Served To - HENRY SCHEIN, INC.; Server - ; Served Date - 22-MAR-17;
  Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service
  Text - ERIN HOLBROOK, REGIONAL MANAGER
  ☐ **Affidavit Filed**

  Return of Service on Henry Schein Inc.
    **Filed By:** RONALD JAY EISENBERG
    **On Behalf Of:** BPP

04/10/2017  ☐ **Affidavit Filed**

  Affidavit of Service Summons and Petition on Integrated Media Solutions.
    **Filed By:** RONALD JAY EISENBERG
    **On Behalf Of:** BPP

04/14/2017  ☐ **Agent Served**

  Document ID - 17-SMOS-273; Served To - INTERGRATED MEDIA SOLUTIONS; Server - ; Served Date -
  29-MAR-17; Served Time - 14:00:00; Service Type - Sheriff Department; Reason Description - Served

**EXHIBIT A**

Case: 4:17-cv-01370-JAR   Doc. #:  1-1   Filed: 04/21/17   Page: 2 of 32 PageID #: 6

**17SL-CC01069**

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS**

| | |
|---|---|
| BPP, | ) |
| | ) |
|     **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| | )   **JURY TRIAL DEMANDED** |
| **HENRY SCHEIN, INC.,** | ) |
| | ) |
|     <u>**Serve:**</u> | ) |
|     **Person in Charge** | ) |
|     **17897 Chesterfield Airport Rd** | ) |
|     **Chesterfield, MO 63005** | ) |
| | ) |
|     **and** | ) |
| | ) |
| **INTERGRATED MEDIA** | ) |
| **SOLUTIONS d/b/a** | ) |
| **INTERGRATED MEDIA** | ) |
| **SOLUTIONS, LLC and d/b/a** | ) |
| **DENTAL PRODUCT SHOPPER,** | ) |
| | ) |
|     <u>**Serve:**</u> | ) |
|     **Person in Charge** | ) |
|     **500 Craig Rd., Suite 101** | ) |
|     **Manalapan, NJ 07726** | ) |
| | ) |
|     **Defendants.** | ) |

## CLASS ACTION JUNK-FAX PETITION

    Plaintiff BPP brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

## PARTIES, JURISDICTION, AND VENUE

    1.    Plaintiff BPP is a fictitious name registered with the Missouri

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

Secretary of State for a Missouri corporation with its principal place of business in St. Louis County, Missouri.

2.     Defendant Henry Schein, Inc. ("Schein"), is a New York company, has its principal place of business in New York, is registered with the Missouri Secretary of State, and has an office in Chesterfield, Missouri.

3.     Defendant Integrated Media Solutions, LLC d/b/a Integrated Media Solutions d/b/a Dental Product Shopper ("Integrated Media") is a New Jersey limited liability company with principal place of business in Manalapan, New Jersey.

4.     Integrated Media is not registered with the Missouri Secretary of State to transact business in Missouri.

5.     Integrated Media launched the Dental Product Shopper magazine in the fall of 2007 to provide product information and evaluations from dentists to dentists.

6.     This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, including the promotion and advertising of services and products to manage dental office security and create "Smart Practice" dental offices within this state, Defendants possess or use real estate in Missouri, Defendants make contracts in Missouri, and Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner and invading their right to privacy.

7.     Venue is proper under Missouri Revised Statutes § 508.010.2.

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

## THE FAX

8.      On or about October 25, 2016, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 991-4682 an unsolicited advertisement, a true copy of which is attached as **Exhibit 1** (Fax).

9.      Plaintiff received the Fax through Plaintiff's facsimile machine.

10.     The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services.

11.     On information and belief, Defendants has sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 100 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on behalf of Defendants.

12.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

13.     Defendants had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

14.     Defendants created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

15.     The Fax, and the other similar or identical facsimile advertisements, sent by or on behalf of Defendants, is part of Defendants' work or operations to market Defendants' products, goods, or services.

16.     The Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendants, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

17.     The Fax requests recipients to register at Schein's website: www.HSTechCentral.com/Vivint/KansasCity and informs recipients to "join TechCentral" to manage dental office security.

18.     "TechCentral" provides technical services to Schein's customers.

19.     The Fax notice states recipients received the fax because they received "Dental Product Shopper Magazine."

20.     Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice required for all facsimile advertisements must meet the following criteria:

(A)     The notice is clear and conspicuous and on the first page of the advertisement;

(B)     The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

(C)     The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D)     The notice includes—

    (1)     A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

    (2)     If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E)     The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

21.     Senders of fax ads must include certain information in an opt-out notice on the fax, even if the recipient previously agreed to receive fax ads from such senders.  *See* 47 C.F.R. § 64.1200(a)(4)(iv).

22.     Senders of fax ads must comply fully with the opt-out notice requirements of 47 C.F.R. § 64.1200(a)(4)(iii).

23.     The Fax and Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

24.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

25.     On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

26.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

27.     Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their prior invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

28.     Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and the Class.

29.     Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

where the transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law or on the representations of others on which Defendants reasonably relied.

30.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

31.    Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendants a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such faxes, and (3) either (a) with whom Defendants did not have an established business relationship, or (b) the fax identified in subpart (1) of this definition did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful.

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

32.     Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

33.     This case is appropriate as a class action because:

a.      <u>Numerosity.</u>  On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 100 persons and is so numerous that joinder of all members is impracticable.

b.      <u>Commonality.</u>  Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

    i.      Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    ii.     Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

    iii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

    iv.     The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendant sent the Fax and other unsolicited faxed advertisements;

    v.      Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

    vi.     Whether Defendants violated 47 U.S.C. § 227;

    vii.    Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;

    viii.   Whether Defendants violated 47 C.F.R. § 64.1200;

    ix.     Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

    x.      Whether the Court should award statutory damages per TCPA violation per fax;

    xi.     Whether the Court should award treble damages per TCPA violation per fax; and

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

xii.   Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c.   <u>Typicality.</u>   Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.   <u>Adequacy.</u>   Plaintiff will fairly and adequately protect the interests of the other Class members.   Plaintiff's counsel are experienced in TCPA class actions, having litigated more than 60 such cases, and having been appointed class counsel in multiple cases.   Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e.   <u>Superiority.</u>   A class action is the superior method for adjudicating this controversy fairly and efficiently.   The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.   The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine."  47 U.S.C. § 227(b)(1).

35.   The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

36.     The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)     Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

37.     The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

38.     Because the TCPA is a strict liability statute, Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

39.     Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

a.      receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b.      Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

c.      Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on  business activities; and

d.      Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

40.      Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

41.      Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendant or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

42.      Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands judgment against Defendants, jointly and severally, as follows:

a.      certify this action as a class action and appoint Plaintiff as Class representative;

b.      appoint the undersigned counsel as Class counsel;

c.      award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d.      award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.      enjoin Defendants and its contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.      award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.      award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.      award Plaintiff prejudgment interest and costs; and

i.      grant Plaintiff all other relief deemed just and proper.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
     Ronald J. Eisenberg, #48674
     Robert Schultz, #35329
     640 Cepi Drive, Suite A
     Chesterfield, MO 63005
     636-537-4645
     Fax:  636-537-2599
     reisenberg@sl-lawyers.com
     rschultz@sl-lawyers.com

     *Attorneys for Plaintiff*

Law Offices of Philip M. Horwitz, L.L.C.

By:  /s/ Philip M. Horwitz
     Philip M. Horwitz, #38493
     640 Cepi Drive, Suite A
     Chesterfield, MO 63005-1221
     (314) 481-6733
     Fax:  (314) 481-6732
     pmhlth@aol.com

     *Attorney for Plaintiff*

**17SL-CC01069**

Electronically Filed - St. Louis County - March 22, 2017 - 12:55 PM

25-Oct-2016  13:36    Dental Product Shopper                          732 577 6595                    p.1

**vivint.**SmartHome    TechCentral



74% of dentists keep their offices safe with security.*

# Your dental practice is about to get smarter.

The arrival of smart home technology has forever altered the security industry. Now, many of the most amazing advances in this technology are being used by dentists to create "Smart Practices".

Henry Schein TechCentral has now partnered with Vivint Smart Home to revolutionize the way you manage your dental office using onsite security and automation systems that are bundled specifically with the dental industry in mind.

These smart practice solutions include industry leading door sensors, motion detectors, flood sensors, cameras, smart thermostats and more to help decrease your costs and increase the productivity of your dental office staff.

## Join TechCentral as they host a local seminar to discover how Vivint Smart Home can convert your office into a "Smart Practice".

### A Smart Practice Can Help

- Demonstrate that you are innovative and cutting edge
- Increase your patient and employee safety
- Decrease the risk of theft or vandalism
- Decrease the damage of flooding as a result of equipment failure
- Improve onsite and offsite office staff communication
- Save you money with smart thermostats

Discover your "smart practice" solutions on Friday, November 18.

### When:

Friday, November 18 | 10am - 11:30am

### Where:

Marriott Overland Park
10800 Metcalf Avenue
Overland Park, Kansas 66210

Register at www.HSTechCentral.com/Vivint/KansasCity

You have received this fax because you receive Dental Product Shopper Magazine. If you do not wish to receive faxes such as this in the future, you may advise us to remove your name from our fax list by email, fax or telephone.
Opt Out information for each method: 1) Email: Cullen@dentalproductshopper.com
2) Telephone: 800-252-4197 3) Fax: 802-891-9630. Please Remember to Alert Us of Your Fax #

Ex. 1

DPS-F-TCViV-0316

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

**17SL-CC01069**

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

_BPP_
Plaintiff/Petitioner

vs.

_HENRY SCHEIN, INC., et al._
Defendant/Respondent

_March 22, 2017_
Date

_____
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Plaintiff_____, pursuant
                Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Janet Momanyi, 11317 Brierhall Circle, Maryland Heights, MO 63043_        _314-814-4980_
Name of Process Server                     Address                                          Telephone

_____
Name of Process Server                     Address or in the Alternative                    Telephone

_____
Name of Process Server                     Address or in the Alternative                    Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
_Henry Schein, Inc._                            _____
Name                                            Name
_17897 Chesterfield Airport Rd._                _____
Address                                         Address
_Chesterfield, MO 63005_                        _____
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:
_____                         _____
Name                                            Name
_____                         _____
Address                                         Address
_____                         _____
City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

                                                _/s/ Ronald J. Eisenberg, #48674_
                                                Attorney/Plaintiff/Petitioner
                                                _Schultz & Associates LLP_
By _____                      Bar No.
    Deputy Clerk                                _640 Cepi Dr., Suite A, Chesterfield, MO 63005_
                                                Address
_____                         _(636) 537-4645        (636) 537-2599_
Date                                            Phone No.                     Fax No.

CCADM62-WS   Rev. 03/14

Electronically Filed - St Louis County - March 22, 2017 - 12:55 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number:  17SL-CC01069 |
|---|---|
| Plaintiff/Petitioner:<br><br> BPP<br><br>                                                   vs. | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br> HENRY SCHEIN, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  HENRY SCHEIN, INC.

PERSON IN CHARGE
17897 CHESTERFIELD AIRPORT RD
CHESTERFIELD, MO  63005

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>22-MAR-2017</u>
Date

Further Information:
LNG

_____
Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
     Printed Name of Sheriff or Server                            Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*        Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
                                    Date                                Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number:  17SL-CC01069 |
|---|---|
| Plaintiff/Petitioner:<br>BPP | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| vs. | |
| Defendant/Respondent:<br>HENRY SCHEIN, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  INTERGRATED MEDIA SOLUTIONS
                 DBA:  INTERGRATED MEDIA SOLUTIONS, LLC
                 DBA:  DENTAL PRODUCT SHOPPER

**PERSON IN CHARGE**
**500 CRAIG RD., SUITE 101**
**MANALAPAN, NJ  07726**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
       SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>22-MAR-2017</u>
Date
Further Information:
LNG

_____
Clerk

## Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

           **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
           I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                         ☐ the judge of the court of which affiant is an officer.
*(Seal)*                    ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                         (use for out-of-state officer)
                   ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**
Summons    $_____
Non Est      $_____
Mileage     $_____ (_____miles @ $ _____ per mile)
**Total**        $_____

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (7-04) SM60 *For Court Use Only*: **Document ID# 17-SMOS-273**    2    **(17SL-CC01069)**    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1)** <u>**Advisory Arbitration:**</u> A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** <u>**Mediation:**</u> A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - March 22, 2017 - 05:41 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 17SL-CC01069 |
|---|---|
| Plaintiff/Petitioner:<br>BPP | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO 63005 |
| vs.<br>Defendant/Respondent:<br>HENRY SCHEIN, INC.<br>Nature of Suit:<br>CC Injunction | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105<br>(Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  HENRY SCHEIN, INC.

PERSON IN CHARGE
17897 CHESTERFIELD AIRPORT RD
CHESTERFIELD, MO 63005

COURT SEAL OF



ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

22-MAR-2017
Date

_____
Clerk

Further Information:
LNG

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

 _Erin Holbrook_ (name) _Regional Manager_ (title).
☐ other _____.

Served at _17897 Chesterfield Airport Road, Chesterfield, MO 63005_ (address)
in _St Louis County_ (County/City of St. Louis), MO, on _03/22/2017_ (date) at _3:30pm_ (time).

_Jaree Momanyi_
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

(Seal)

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _03/22/2017_ (date).

My commission expires: _01/17/2021_                    _Segolene Cathleen Renaze_
Date                    Notary Public

SEGOLENE CATHLEEN RENAZE
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 17219842
My Commission Expires 01-17-2021

Electronically Filed - St Louis County - March 22, 2017 - 05:41 PM

# AFFIDAVIT OF SERVICE

**COMES NOW**, Janet Momanyi and states that on March 22, 2017 she did serve a Summons;

Class Action Junk-Fax Petition; and Exhibit 1 in re: Cause Number 17SL-CC01069, Circuit Court

of St. Louis County, Missouri on Erin Holbrook, Regional Manager at 17897 Chesterfield Airport

Road, Chesterfield, MO 63005 at 3:30 p.m. o'clock on behalf of Henry Schein, INC via hand

delivery.

*Description:*

The person served was approximately: Skin Color: White, Hair Color: Blond, Gender: Female,

Height: 5'4", Weight: 120, Age: approximately 35.

_____

Janet Momanyi

Special Process Server
113 Briehall Circle
Maryland Heights, MO
63043

Listed and subscribed before me this Twenty-Second day of March 2017.

SEGOLENE CATHLEEN RENAZE
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 17219842
My Commission Expires 01-17-2021

_____
Notary Public

Electronically Filed - St Louis County - March 22, 2017 - 05:41 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 17SL-CC01069 |
|---|---|
| Plaintiff/Petitioner:<br>BPP | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO 63005 |
| vs. | |
| Defendant/Respondent:<br>HENRY SCHEIN, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  HENRY SCHEIN, INC.

PERSON IN CHARGE
17897 CHESTERFIELD AIRPORT RD
CHESTERFIELD, MO  63005

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

22-MAR-2017
Date

_Joan G. Silney_
Clerk

Further Information:
LNG

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_Erin Holbrook_ (name) _Regional Manager_ (title).

☐ other _____ .

Served at _17897 Chesterfield Airport Road, Chesterfield, MO 63005_ (address)
in _St Louis County_ (County/City of St. Louis), MO, on _03/22/2017_ (date) at _3:30pm_ (time).

_Jaree Momanyi_ _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _03/22/2017_ (date).
My commission expires: _01/17/2021_ _Segolene Cathleen Renaze_
Date      Notary Public

(Seal)

SEGOLENE CATHLEEN RENAZE
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 17219842
My Commission Expires 01-17-2021

Electronically Filed - St Louis County - March 22, 2017 - 05:41 PM

# AFFIDAVIT OF SERVICE

**COMES NOW**, Janet Momanyi and states that on March 22, 2017 she did serve a Summons;

Class Action Junk-Fax Petition; and Exhibit 1 in re: Cause Number 17SL-CC01069, Circuit Court

of St. Louis County, Missouri on Erin Holbrook, Regional Manager at 17897 Chesterfield Airport

Road, Chesterfield, MO 63005 at 3:30 p.m. o'clock on behalf of Henry Schein, INC via hand

delivery.

*Description:*

The person served was approximately: Skin Color: White, Hair Color: Blond, Gender: Female,

Height: 5'4", Weight: 120, Age: approximately 35.

_____

Janet Momanyi

Special Process Server
113 Briehall Circle
Maryland Heights, MO
63043

Listed and subscribed before me this Twenty-Second day of March 2017.

SEGOLENE CATHLEEN RENAZE
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 17219842
My Commission Expires 01-17-2021

_Segolene Cathleen Renaze_
Notary Public

Electronically Filed - St. Louis County - April 10, 2017 - 03:28 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 17SL-CC01069 |
| Plaintiff/Petitioner:<br>BPP | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| vs. | |
| Defendant/Respondent:<br>HENRY SCHEIN, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  INTERGRATED MEDIA SOLUTIONS
 DBA:  INTERGRATED MEDIA SOLUTIONS, LLC
 DBA:  DENTAL PRODUCT SHOPPER

PERSON IN CHARGE
500 CRAIG RD., SUITE 101
MANALAPAN, NJ  07726

*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>22-MAR-2017</u>
Date
Further Information:
LNG

_____ Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is *Deputy Sheriff Bradley Dim* of *Monmouth* County, *NJ* (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to *David Branch, CEO* (name) *CEO* (title).
   ☐ other (describe) _____

Served at *500 Craig Rd, Suite 101* (address)
in *Monmouth* County, _____ (state), on *Bradley* (date) at _____ (time).

*Bradley Dim*
Printed Name of Sheriff or Server

*Bradley* 
Signature of Sheriff or Server

Subscribed and Sworn To me before this *6th* (day) *April* (month) *2017* (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
 ☐ the judge of the court of which affiant is an officer.
 ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
 ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

*Heather M Blau – Notary*
Signature and Title

**HEATHER M BLAU**
ID # 2381100
NOTARY PUBLIC
STATE OF NEW JERSEY
My Commission Expires Dec. 30, 2018

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $_____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return of service of summons.

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 17-SMOS-273      1      (17SL-CC01069)

Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Electronically Filed - St. Louis County - April 10, 2017 - 03:28 PM

**Monmouth County Sheriff's Office**
**Shaun Golden, Sheriff**
2500 Kozloski Road, Freehold, NJ  07728
(732) 431-6400 ext 1101  FAX (732) 294-5965

Sheriff's File Number:
17001198

## AFFIDAVIT OF SERVICE

Court Docket #: **1711CC00300**

| |
|---|
| BPP<br><br>vs.<br><br>Intergrated Media Solutions d/b/a Intergrated Media Solutions, LLC and d/b/a Dental Product Shopper |

In the 21st Judicial Circuit Court

I, Shaun Golden, Sheriff of Monmouth County, do hereby deputize Bradley Dim, and appoint him/her to be my Deputy to execute and return the within **Alias Summons (Out of State).**

*Shaun Golden*

## SERVICE INFORMATION

On 3/29/2017 at 2:00 PM at c/o Person In Charge, 500 Craig Road, Suite 101, Manalapan, NJ 07726, deponent served the within on *Intergrated Media Solutions d/b/a Intergrated Media Solutions, LLC and d/b/a Dental Product Shopper*, the defendant named therein, in the following manner:

## CORPORATION

3/29/17 @ 2:00 PM - By delivering to and leaving with *David Branch, CEO* of Intergrated Media Solutions d/b/a Intergrated Media Solutions, LLC and d/b/a Dental Product Shopper, the Agent authorized to accept a true copy thereof.

*DESCRIPTION*

The person served was approximately:  Skin Color: White, Hair Color: Balding, Gender: Male, Height: 6' 3", Weight: 230, Age: 52 , Eyes: Brown.

Deputy Notes:

Fees Received from Attorney: $25.92

Attorney Name: Schultz & Associates LLP, 640 Cepi Drive Suite A Chesterfield, MO 63005-1221

Sworn to before me *April 3, 2017*

Notary Public *Heather M Blau*

*Bradley Dim*
Bradley Dim
Deputy Sheriff

Badge Number

| |
|---|
| **HEATHER M BLAU**<br>ID # 2381100<br>NOTARY PUBLIC<br>STATE OF NEW JERSEY<br>My Commission Expires Dec. 30, 2018 |

Print Date: 3/31/2017

©SoftCode, Inc. - NJ_Monmouth_CSMonOUTSATEAffidavit