UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BPP, | ) |
| Plaintiff, | ) 4:17-cv-01370-JAR |
| v. | ) |
| HENRY SCHEIN PRACTICE SOLUTIONS, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Integrated Media Solutions, LLC and Henry Schein Practice Solutions, Inc.'s motion to stay. (ECF No. 52). Plaintiff BPP filed its response in opposition to the motion on October 10, 2017. (ECF No. 57). Defendants filed a reply on October 23, 2017. (ECF No. 62). The motion is fully briefed and ready for disposition. After careful consideration, the Court will grant Defendants' motion.

BPP filed a class action complaint alleging that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by faxing unsolicited fax advertisements without a proper opt-out notice as required by 47 C.F.R. § 1200. (Amended Class Action Junk-Fax Complaint, ECF No. 21, ¶¶21-26). In the motion to stay, Defendants request that the action be stayed pending a decision by the Eighth Circuit Court of Appeals in *St. Louis Heart Center, Inc. v. Nomax, Inc.* (No. 17-1794). (ECF No. 53). Defendants argue that resolution of *Nomax* "could significantly curtail or extinguish altogether Plaintiff's claims because the standing question presented in *Nomax* is identical to the standing issue presented in this case." (*Id.* at 5). Defendants argue that a stay would preserve judicial and party resources and would not prejudice BPP because the case is in its infancy, discovery has not yet commenced, and the trial date is

1

approximately 16 months away. (*Id.* at 2, 5-6).

On the other hand, Defendants contend that denial of a stay will prejudice all parties because they would incur significant expense in discovery "only to later find out that Plaintiff lacks standing to pursue this case." (*Id.* at 7-8). Defendants also maintain that *Nomax* has been fully briefed and is likely to be decided within the next six months, and that BPP will suffer no damage from a stay because a modest delay in receiving money damages is not prejudicial and the conduct challenged in the Complaint has already stopped. (*Id.* at 7). In addition, Defendants points to the decisions issued by this Court staying TCPA cases until final rulings are issued by the FCC or decisions made by higher courts on potentially case-dispositive issues.

BPP opposes a stay on the grounds that the decision made by this Court in *Nomax* is an outlier in the law and that a rapidly growing number of federal courts nationwide have been rejecting Defendants' motions challenging Article III standing in TCPA cases. (ECF No. 57 at ¶ 3). BPP further contends that the parties have already expended significant judicial and party resources due to failed attempts at early mediation, and that Defendants failed to articulate a good excuse for not seeking a stay in a more timely fashion. (*Id.* at ¶¶ 1-2). Finally, BPP claims it will be prejudiced by a stay due to the risk of lost evidence. (*Id.* at ¶ 4).

In light of the Eighth Circuit's pending decision in *Nomax*, and in the interest of reaching consistent results in similar TCPA cases, the Court will grant Defendants' motion to stay this case. The Court is not persuaded that Plaintiff will be unduly prejudiced by such a stay, as the case is in the early stages of litigation. Furthermore, the Court believes that a stay will preserve the resources of the parties, as well as the Court, which weighs in favor of a stay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Integrated Media Solutions, LLC and Henry Schein Practice Solutions, Inc.'s motion to stay (ECF No. 52) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** until a decision is made by the Eight Circuit Court of Appeals in *St. Louis Heart Center, Inc. v. Nomax, Inc.* (No. 17-1794).

**IT IS FURTHER ORDERED** that every ninety (90) days from the date of this Order, Defendants Integrated Media Solutions, LLC and Henry Schein Practice Solutions, Inc. shall advise the Court of the status of the *Nomax* case.

**IT IS FURTHER ORDERED** that Plaintiff's motions to strike (ECF Nos. 27 and 31) are **HELD IN ABEYANCE**, pending further Orders of this Court.

**IT IS FINALLY ORDERED** that the Clerk of Court shall administratively close this matter.

Dated this 24th day of October, 2017.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**